**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DAVID JOHNSON, | : | MOTION TO VACATE |
| BOP No. 46600-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:10-CV-0004-WBH |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:96-CR-164-1-WBH |

<u>**ORDER AND OPINION**</u>

David Johnson is incarcerated in the Federal Correctional Institution in Butner,

North Carolina, serving a 113-year sentence after being convicted at trial for armed

bank robbery.  Proceeding through counsel, Johnson filed a motion under 28 U.S.C.

§ 2255 to vacate, set aside, or correct his sentence (the "§ 2255 Motion") [157].[1]  The

Government responded [162], and Johnson replied [163].  For the reasons set forth

below, an evidentiary hearing will be held for the limited purpose of determining

whether Johnson can establish a reasonable probability that, absent counsel's alleged

ineffective assistance, he would have pled guilty in exchange for a 25-year sentence.

---

[1]  Johnson's § 2255 Motion also contains a request for leave to proceed *in forma pauperis*.  Johnson failed to attach all the material that federal law requires be submitted in connection with a request for leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a)(2).  His request is **DENIED WITHOUT PREJUDICE**.

## I.      Procedural History

### A.  *The Criminal Case - Indictment*

In a superseding indictment returned by a grand jury in February 1997, Johnson was indicted on six counts of bank robbery and six counts of carrying or using a firearm in connection with those bank robberies, in violation of 18 U.S.C. §§ 2113 and 924(c) [31].  At arraignment, Johnson pled not guilty [35].

Each firearms count carried a very stiff mandatory minimum sentence, and those mandatory minimum sentences were required to be imposed consecutively to one another and to any other sentence.  *See* 18 U.S.C. § 924(c).  On the six firearms counts alone, Johnson faced a mandatory minimum sentence of 105 years.

### B.  *The Criminal Case - Pretrial Proceedings*

Johnson has a history of psychiatric issues.  Even before the superseding indictment was returned, Johnson's counsel filed a motion for an examination [20] and a motion for diagnostic tests [23], each of which the Magistrate Judge granted [21 & 24; *see also* 8 (earlier Order re examination)].  In May 1997, after full review of the results of those exams and tests and a hearing, the Magistrate Judge found Johnson competent to stand trial [56].

2

C. *The Criminal Case - Trial, Sentencing and First Appeal*

Despite the lengthy mandatory minimum sentence he faced if convicted, Johnson declined to accept any plea bargain offered by the Government. Trial began in late September 1997. In October 1997, after deliberating for less than a day, the jury convicted Johnson on all counts [80].

Johnson had a significant criminal history. On the six robbery counts, the Court imposed the *minimum* sentence in the then-applicable range under the United States Sentencing Guidelines: 100 months, to be served concurrently. On the six firearms counts, the Court imposed the statutory mandatory minimum sentence: 105 years, to be served consecutively. Johnson's total sentence was slightly over 113 years.

New counsel was appointed for Johnson [83], and a notice of appeal was filed on his behalf [86]. Ultimately, however, Johnson's new counsel abandoned Johnson's direct appeal, and that appeal was dismissed [91].

In 1998 and 1999, Johnson filed two requests for the appointment of counsel [92 & 96], that were denied [95 & 98]. In 1999, Johnson filed a third request for the appointment of counsel [99] that this Court granted [101 & 102]. Johnson then chose to work with L. Burton Finlayson rather than counsel appointed by the Court.

3

D.  *First § 2255 Motion*

Finlayson filed a § 2255 motion on Johnson's behalf in November 2005 [123], that he supplemented in August 2006 [126].  Noting that Johnson's prior counsel had abandoned his direct appeal in 1998 and that Johnson wanted to take an out-of-time appeal, this Court granted Johnson's first § 2255 motion "but only to the degree that Movant seeks an out-of-time appeal" [128 at 11].  This Court then vacated and reimposed Johnson's original sentence, restarting the clock for a direct appeal.

E.  *The Criminal Case - Direct Appeal*

Through Finlayson, Johnson filed a notice of appeal [130]. Johnson challenged: (1) the determination that he was competent to stand trial; (2) the admission of (A) a brown leather satchel and firearm seized when he fled from an attempted arrest, and (B) his post-arrest, inculpatory statement; and (3) the procedural and substantive reasonableness of his sentence.  *United States v. Johnson*, 295 F. App'x 342 (11th Cir. 2008).  The United States Court of Appeals for the Eleventh Circuit rejected all of Johnson's arguments and affirmed his convictions and sentence.

4

## II.   The Grounds for Relief in Johnson's Present § 2255 Motion

This matter is now before the Court for resolution of Johnson's second § 2255 Motion.  Johnson asserts three overlapping grounds for relief.  Those grounds are: (1) "Mr. Johnson was not competent to stand trial or to accept or reject a plea bargain;" (2) "Counsel's performances [sic] was deficient at sentencing;" and (3) "Counsel's performances [sic] was deficient at trial" [157 at 6, 15 & 17].

## III.  Discussion

### A.   *Ground One - "Mr. Johnson was not competent"*

Johnson argues in his § 2255 Motion that he is entitled to relief because he "was not competent to stand trial or to accept or reject a plea bargain" [157 at 6].  Johnson recites as evidence his prior history of mental health issues, his pre-trial comments about "devils," his mother's pre-trial remarks about his mental health issues, his remarks at sentencing, and his marked "mental health condition deteriorat[ion]" since he started serving his sentence [157 at 6-14].  All of those points – and more – were thoroughly considered by the Eleventh Circuit on direct appeal.  *See Johnson*, 295 F. App'x at 344-47.

When considering a § 2255 motion, "'[t]he district court is not required to reconsider claims of error that were raised and disposed of on direct appeal.'" *Thomas*

5

*v. United States*, 572 F.3d 1300, 1304 (11th Cir. 2009) (quoting *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000)).  For that reason, Johnson is not entitled to relief under 28 U.S.C. § 2255 on this claim.

B.  <u>*Ground Two - "Counsel's performances [sic] was deficient at sentencing"*</u>

Johnson argues in his § 2255 Motion that he is entitled to relief because "counsel's performances [sic] was deficient at sentencing" [157 at 15].  Specifically, Johnson argues that his counsel "failed to move for a downward departure pursuant to USSG § 5K2," and "failed to object to the mandatory or binding nature of the Sentencing Guideslines or request a lower sentence." *Id.* Johnson contends that "[h]ad sentencing counsel provided the Court with the appropriate departure mechanisms, such as 5K2.0 or *Booker* challenge (pre-*Booker*), he would have saved his client up to 100 months on the robbery counts." *Id.*

To prevail on a claim of ineffective assistance of counsel, Johnson must prove not only that his counsel's performance was deficient, but also that he suffered prejudice as a result of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  In this case, Johnson acknowledges that "[t]he District Court was *required* by statute to impose a consecutive sentence of 105 years for the six § 924(c) [firearms] convictions" [157 at 15 (emphasis added)].  Whether his sentence on the

6

robbery counts was 100 months or 0 months (or any number of months in between), Johnson would still have been subject to a 105-year sentence on the firearms convictions. That 105-year sentence far exceeds Johnson's conceivable lifespan in prison, particularly given that Johnson was already an adult when convicted. Because Johnson suffered no prejudice at sentencing, he is not entitled to relief under 28 U.S.C. § 2255 on this claim.[2]

C. *Ground Three - "Counsel's performances [sic] was deficient at trial"*

Finally, Johnson argues in his § 2255 Motion that his "counsel's performances [sic] was deficient at trial" [157 at 17]. In actuality, Johnson is complaining about his counsel's *pre*-trial strategic and tactical decisions. Specifically, Johnson complains that: (1) he "was not adequately advised of the government's plea offer in his case or he was not adequately advised of the potential penalties he was facing should he lose at trial," (2) "counsel was deficient in conceding that Mr. Johnson was competent to stand trial," (3) "counsel was deficient in withdrawing the motion to suppress statements and conceding that Mr. Johnson's confession was knowingly and voluntarily given," and (4) "counsel was deficient in failing to object to the

---

[2] Furthermore, Johnson's counsel was not "deficient" because he did not raise a *Booker* challenge *before* the United States Supreme Court decided *Booker*.

AO 72A
(Rev.8/82)

[M]agistrate [J]udge's report and recommendation denying his motion to suppress the search of Mr. Johnson's brown leather satchel" [157 at 18-20].

Two issues – those with respect to Johnson's mental competence and the search and seizure of his brown leather satchel – mirror issues that Johnson raised earlier on direct appeal.  The Eleventh Circuit has already considered and rejected Johnson's arguments with respect to his mental competence and the brown leather satchel.  *See Johnson*, 295 F. App'x at 344-48.  As noted above, when considering a § 2255 motion, "'[t]he district court is not required to reconsider claims of error that were raised and disposed of on direct appeal.'"  *Thomas*, 572 F.3d at 1304 (quoting  *Nyhuis*, 211 at 1343).  Neither of these issues afford Johnson a basis for relief under 28 U.S.C. § 2255.

Johnson correctly notes that his counsel withdrew a motion to suppress his post-arrest confession and that, as a result, the Eleventh Circuit declined to review the admissibility of that confession.  *Johnson*, 295 F. App'x at 348-49.  Assuming for the sake of discussion that Johnson's post-arrest confession *might* have been excluded – although Johnson provides no factual or legal basis in his filings that indicates why his confession *should* have been excluded – Johnson suffered no prejudice when his counsel withdrew the motion to suppress.  The evidence at trial was overwhelming.

Even without the confession, the evidence against Johnson included (1) eyewitness testimony and/or photographic evidence (a) placing him in the six robbed banks and (b) connecting him to the firearm that he carried (and sometimes discharged) during those robberies; and (2) physical evidence, including (a) the firearm itself, (b) shell casings and bullets tied to that firearm and some of the robbed banks, and (c) the brown leather satchel and distinctive clothing carried and worn by Johnson during those robberies.  In addition, Johnson's accomplice during two of those robberies testified against Johnson at trial.  This is not a case in which "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" if Johnson's confession had been excluded.  *Strickland*, 466 U.S. at at 694.  Accordingly, Johnson is not entitled to relief under 28 U.S.C. § 2255 on this issue, either.[3]

Johnson raises one issue, however, that requires an evidentiary hearing.  By affidavit, Johnson avers "I would have taken a plea bargain . . . but I did not understand that the sentence was going to be 113 years given to me if I did not take the plea bargain." [157-1 at 2, Aff. of David Johnson].  Though Johnson evidently knew

---

[3] As noted above, Johnson does not identify in his § 2255 Motion any basis on which his confession might have been excluded.  As a result, there is no basis for finding that Johnson's prior counsel was "deficient."

9

before trial that the Government offered to permit him to plead to counts that would have carried a 25-year sentence [*see* 163 at 5 n.2],[4] Johnson alleges that he "was not adequately advised of the government's plea offer in his case or he was not adequately advised of the potential penalties he was facing should he lose at trial" [157 at 18]. That raises the question whether "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). That in turn rests on whether Johnson can "establish a reasonable probability that, absent counsel's alleged ineffective assistance, he would have accepted the plea agreement." *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991).

The Government argues that no evidentiary hearing is required because Johnson's trial counsel "would state that he *fully advised* [Johnson] of the plea offer and the *potential penalties after trial*" [162 at 38 (citation omitted) (emphasis in original)]. The Government, however, presented no such affidavit from Johnson's trial counsel. Even if the Government had presented such an affidavit, this Court would still be obliged to hold an evidentiary hearing to resolve the conflict between Johnson's affidavit and counsel's affidavit because, "[o]rdinarily, contested factual issues in a §

---

[4] The Government implicitly acknowledges that such an offer was made [162 at 38-39; *see also* 125 at 5].

10

2255 proceeding may not be determined based only on affidavits." *Alvarez-Sanchez v. United States*, 350 F. App'x 421, 423 (11th Cir. 2009).

The difference between the sentence that Johnson received after he elected to go to trial (113 years) and the sentence he might have received had he accepted the Government's plea offer (25 years) is substantial. Indeed, this Court noted at sentencing that Johnson would have received a far shorter sentence if he had pled guilty rather than proceed to trial.

It is, of course, in the nature of plea bargaining that the sentence offered in a plea will be shorter than the potential sentence a defendant faces if convicted after trial. *See, e.g., Blackledge v. Allison*, 431 U.S. 63, 71 (1977); *Chaffin v. Stynchcombe*, 412 U.S. 17, 31 (1973). By itself, the difference in length between the post-trial sentence and the plea bargain sentence does not establish "deficient" performance by counsel or even "prejudice." The Eleventh Circuit recently affirmed a district court's determination in a § 2255 case that a defendant "failed to establish a reasonable probability that he would have pleaded guilty had he been advised about the punishment he faced," even though the sentence he received after trial was six times harsher (30 years) than the plea bargain he rejected (5 years). *See United States v. Brown*, 309 F. App'x 324, 328 (11th Cir. 2009). Counsel is not ineffective simply

11

because, with the benefit of hindsight, a defendant rues his own decision to reject a plea bargain offer. Defendants routinely accept the risk of greater punishment for, among other things, the possibility – real or imagined – of an acquittal. Defendants who make the wrong decisions must live with the consequences of those decisions.

Further inquiry, however, is appropriate. This Court will schedule a hearing for the limited purpose of a factual determination regarding whether Johnson was adequately advised about the terms of the plea offer extended to him and the alternative outcomes he faced by going to trial. The burden of proving both deficient performance by trial counsel and a reasonable probability that he would have accepted the plea bargain rests with Johnson. *See, e.g., Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009) ("*Strickland* places the burden on the defendant, not the [Government], to show a 'reasonable probability' that the result would have been different."). Johnson is advised *not* to attempt again to reargue the already resolved question of his mental competence.

Finally, on September 17, 2010, this Court received an unsigned letter from Johnson requesting a "pardon" [164]. As this Court lacks jurisdiction to confer such relief, that request is **DENIED**. Johnson should address any future request for commutation of his sentence to the United States Department of Justice.

12

## V.  Conclusion

For the reasons discussed above, the Clerk is directed to assign this matter to the appropriate Magistrate Judge for a hearing and report and recommendation solely on the issue of whether Mr. Johnson's trial counsel properly advised him regarding acceptance of the Government's plea offer.  In all other respects Johnson's § 2255 Motion, [Doc. 157], is **DENIED**.

**IT IS SO ORDERED** this 10th day of November, 2010.

_____

WILLIS B. HUNT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

13