**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DAVID JOHNSON, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-0004-WBH |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CRIMINAL ACTION NO. |
| | : | 1:96-CR-164-1-WBH |

## **ORDER**

David Johnson, currently incarcerated in the Federal Correctional Institution in Butner, North Carolina, is serving a 113-year sentence after being convicted after a jury trial for armed bank robbery. Proceeding through counsel, Johnson filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. [Doc. 157]. In this Court's Order of November 10, 2010, [Doc. 165], this Court denied all of Movant's claims for relief except his claim that his trial counsel was ineffective for failing to tell Movant that, if convicted at a jury trial, he faced over one hundred years in prison. Movant claims that if he had known about his possible sentence, he would have accepted the Government's twenty-five-year plea offer.

This Court assigned the case to the Magistrate Court for a hearing and Report and Recommendation (R&R) on the final, outstanding issue. The Magistrate Judge held a hearing and has now completed the R&R, [Doc. 179], in which he recommends

denying relief. Movant has filed his objections, [Doc. 181] and has also moved for an "omnibus hearing." [Doc. 182].

At the hearing, Petitioner's trial counsel, Michael Trost, testified. The Magistrate Judge found that "Mr. Trost's testimony was, in all material respects, credible." [Doc. 179 at 3]. Mr. Trost testified that he knew that Movant faced what was essentially a life sentence and that he explained that to Movant. He further testified that he "essentially begged" Movant to take the twenty-five-year deal and that he got Movant's mother and another attorney to try to convince Movant to take the deal. [Id. at 4].

The Magistrate Judge further found that Movant's testimony was not credible and that some of his statements "defy belief." In particular, Movant claimed that Mr. Trost, despite meeting with Movant several times, never explained to Movant the nature of the charges against him or the length of the sentence that he faced. [Id. at 4-5]. Movant's mother also testified at the hearing, and, based on the Magistrate Judge's description, her testimony was not particularly helpful to Movant.

Having found Mr. Trost's testimony credible and Movant's testimony not credible, the Magistrate Judge further found that "Mr. Trost adequately advised Mr. Johnson regarding the terms of the plea offer and the alternative outcomes he faced if

2

AO 72A
(Rev.8/82)

he insisted on going to trial." [Id. at 11]. As such, the Magistrate Judge concluded that Movant failed to demonstrate that Mr. Trost was ineffective.

In his objections, Movant first quibbles with the Magistrate Judge's findings of fact, notably the finding that Mr. Trost advised Plaintiff of the total sentence he faced. Mr. Trost testified that he did not specifically remember what he told Movant, but that he normally would explain to a client the nature of the charges against him and the amount of time he faced if convicted. The Magistrate Judge, however, acknowledged that Mr. Trost had difficulty remembering exactly what he told Movant, and it's perfectly acceptable to rely on evidence of custom to demonstrate what one may have done in a specific instance. [See Doc. 179 at 9 ( quoting Dasher v. Att'y Gen., Fla., 574 F.3d 1310, 1314 (11th Cir. 2009) for the proposition that "professional people should be able to prove the manner in which they routinely handle matters that recur in their work, in order to show that they followed that routine in a particular instance").]

Movant next argues that, even assuming that Mr. Trost did explain to Movant the type of sentence he was facing and the minimal chances of success at trial, the Magistrate Judge did not address the fact that Mr. Trost could not state that Movant understood what he was being told. This Court disagrees. In discussing this issue, the Magistrate Judge stated:

3

> It is certainly possible that Mr. Johnson's mental state as an incipient unmedicated paranoid schizophrenic prevented him from trusting either his lawyer or his mother (or the additional counsel hired [by] his sister). He has since apparently been diagnosed and has apparently been under medication since 1998, shortly after his conviction and sentence. [Doc. No. 170 at 28]. But he had been found by the Court to be competent to stand trial at the time and, therefore, Mr. Trost should have been entitled to rely upon this finding in advising Mr. Johnson whether or not to accept a plea.

[Doc. 179 at 12].

Having read the R&R, it is clear that the Magistrate Judge generally agrees with the notion that Movant made a very bad decision in rejecting the Government's plea deal and that the decision may have been driven, in part or wholly, by Petitioner's mental state. This Court agrees as well, but that does not mean that there was anything more that trial counsel should have done. Defendant was declared competent to stand trial, and trial counsel's testimony indicated that he worked diligently to convince Movant to take a plea deal. That Movant rejected his only rational choice cannot be blamed on trial counsel.

Movant next argues that the Magistrate Judge erred in finding that Movant's testimony was not credible. However, where a magistrate judge has made a credibility determination based on an assessment of a witness' in-court testimony, this Court must "defer to the magistrate judge's determination[] unless his understanding of the facts appears to be unbelievable." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th

4

Cir. 2002) (internal quotation marks omitted). Having reviewed the transcript, this Court finds that the Magistrate Judge's understanding of facts is not unbelievable. Indeed, this Court agrees with the Magistrate Judge that, in light of some of Movant's rather fantastic statements, Movant's testimony was not credible.

In response to Movant's next argument, in which he objects to the Magistrate Judge's characterization of Movant's mother's testimony, this Court notes that the content of her testimony was not a significant factor driving the Magistrate Judge's recommendation. The Magistrate Judge's finding that Mr. Trost's testimony was credible essentially decides the issue.

In his final argument, Movant points out that he has received a *de facto* life sentence for robbing a bank as a nineteen-year-old when no one was hurt during the robbery, and the sole reason he received that life sentence rather than twenty-five years is that he made a bad decision while mentally ill. That alone, according to Movant, indicates the fundamental unfairness of his sentence. Moreover, Movant argues, his youth, developmental difficulties, and mental illness created a heightened duty for trial counsel to much more carefully explain the situation to him, and the record does not establish that Mr. Trost met that heightened duty.

This Court notes, however, that the burden of establishing ineffective assistance rests squarely with Movant. Accordingly, in order for Movant to be entitled to relief,

5

the record must demonstrate that trial counsel failed to properly advise Movant of his options, and under the record here the most that can be said in Movant's favor is that it is unclear what Mr. Trost told him. More realistically, because Mr. Trost "begged" Movant to accept the plea, it is more likely that Mr. Trost clearly and repeatedly explained Movant's situation to him.

In response to Movant's discussion of the Lafler v. Cooper case, this Court is certainly willing to give due consideration to amending the sentence if the Government is willing to reinstate the original plea offer or make another plea offer that would result in a sentence lower than 113 years. This Court agrees that Movant's situation is compelling and that it makes little sense to keep Movant, who requires medication for a severe mental illness, imprisoned for the rest of his life at Government expense. However, any decision in that regard is obviously within the discretion of the United States Attorney.

For the reasons stated,

**IT IS HEREBY ORDERED** that the R&R of the Magistrate Judge is **ADOPTED IN PART** as the order of this Court. Movant's § 2255 motion to vacate, [Doc. 157], is **DENIED**. However, this Court disagrees with the Magistrate Judge that reasonable jurists could not disagree regarding the outcome of his ineffective assistance of counsel claims, and as such a Certificate of Appealability **SHALL ISSUE** as to that claim.

Finally, because Petitioner is represented by counsel, his pro se motion for an omnibus hearing, [Doc. 182], is **DENIED** without prejudice.

**IT IS SO ORDERED** this 4th day of October, 2012.

WILLIS B. HUNT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)